# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LAMAR A. PEARSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil No. 4:12-cv-00384-CEJ |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

### DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF
### HIS MOTION TO DISMISS

Defendant, Commissioner of the Social Security Administration ("agency"), by and through his undersigned counsel, offers the following memorandum of law in support of his motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction and failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12 (b)(6).

### Argument

The plaintiff, Lamar A. Pearson, filed this complaint under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, on March 2, 2012.  Plaintiff alleges that on February 9, 2012, he mailed and faxed a FOIA request to the agency's Office of Disability Adjudication and Review ("ODAR") Hearing Office Director located in Creve Coeur, Missouri.  *See* Complaint at ¶¶ 19-20, 24.  Plaintiff also alleges that he mailed a copy of the FOIA request to the "SSA Office of Privacy and Disclosure" ("OPD") located in Baltimore, Maryland.  *See* Complaint at ¶ 21. However, plaintiff does not set forth the date that he mailed the letter to OPD, nor does he provide any evidence to show the date he mailed his FOIA request.  Agency eFOIA records

show that the FOIA request was received and scanned by OPD on February 17, 2012. *See* Exh. A, agency eFOIA record.

The FOIA allows an agency 20 working days (excluding weekends and legal public holidays) to make a determination on the request. *See* 5 U.S.C. § 552(a)(6)(A); *see also* 20 C.F.R. § 402.140(a) (2011). Significantly, the 20 days does not commence until the proper component in the agency receives the FOIA request, but not later than "ten days after the request is first received by any component of the agency that is designated in the agency's regulations under this section to receive requests." *See* 5 U.S.C. § 552(a)(6)(A). OPD is the component designated to receive FOIA requests on behalf of the agency. *See* 20 C.F.R. § 402.135 (2011). Based upon OPD's February 17, 2012, receipt date of the FOIA request, the time for OPD to respond to the request did not end until March 16, 2012.[1] Thus, plaintiff's filing of this lawsuit on March 2, 2012, is premature and must be dismissed.

In *Judicial Watch, Inc. v. FBI,* the District Court of the District of Columbia held that a lawsuit must be dismissed if it was filed prior to the 20-day period. The Court found that dismissal was warranted even if the agency failed to respond after the 20 days expired because the Court could only consider the circumstances and facts that "existed at the time of the filing of

---

[1] Plaintiff's Complaint would also be premature using the date that the ODAR Hearing Office received the FOIA fax from plaintiff. Using February 9, 2012 as a receipt date by the ODAR Hearing Office, the time to respond would not even commence until February 21, 2012, because ten days is added to send the FOIA request to the proper component. The time would not commence on February 20, 2012 because it was the Federal holiday of Washington's birthday (also known as President's Day). *See* 5 U.S.C. § 552(a)(6)(A). Thus, the agency's FOIA response would not have been due until March 19, 2012. Even assuming *arguendo* that OPD received the FOIA request on February 9, 2012, plaintiff's filing of his complaint on March 2, 2012 is still premature because there were fewer than 20 working days from February 9, 2012 and March 2, 2012.

the complaint, and not subsequent events," when determining whether the case "must be dismissed." *See Judicial Watch,* No. 01-1216, slip op. at 8 (D.D.C. July 26, 2002)(attached as Exh. B); *see also Newman-Green, Inc. v. Alfonzo-Larrain,* 490 U.S. 826, 830 (1989)("The existence of federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed."). The court in *Judicial Watch v. FBI*, distinguished the facts from those in *Judicial Watch v. DOE*, 191 F. Supp. 2d 138, 139 (D.D.C. 2002). In *Judicial Watch v. DOE*, the court allowed the premature FOIA complaint to be amended rather than dismissed because the agencies failed to respond to the FOIA request for nearly 10 months. *See* 191 F.Supp.2d at 139. Other courts have also held that it was proper to dismiss a prematurely filed FOIA complaint even when the agency responded after the 20-day period. *See Dorn v. Comm'r*, 2005 WL 1126653, at *3-4 (M.D. Fla. May 12, 2005), *reconsideration denied*, 2005 WL 2248857 (M.D. Fla. June 1, 2005); *see also Said v.Gonzales*, 2007 WL 2789344 *6 (W.D. Wash. Sept. 24, 2007)(dismissing FOIA complaint because it was filed prior to the time for the agencies to respond to their FOIA requests expired).

The instant case is factually similar to *Judicial Watch v. FBI*. In both cases, the plaintiff filed a lawsuit in Federal court before the 20 days an agency has to respond to a FOIA complaint expired. In *Judicial Watch v. FBI,* the agency responded eight working days after the 20-day period expired. *See Judicial Watch,* No. 01-1216, slip op. at 9, f.n. 8. In the current case, the agency responded to plaintiff's FOIA request on April 4, 2012, which is 13 working days late. *See* Exh. C, agency's FOIA Response. If plaintiff is unsatisfied with the agency's FOIA response, the statute and Federal regulations provide the mechanism for appealing the agency's decision. *See* 5 U.S.C. § 552(a)(6)(A); 20 C.F.R. § 402.200 (2011). Plaintiff should follow that

appeal process and if unsatisfied, he may appeal to Federal court. *See* 20 C.F.R. § 402.205 (2011). At this time, however, this Complaint is premature and should be dismissed.

This lawsuit should also be dismissed because plaintiff failed to name a proper party defendant. The named defendant in this case is Michael J. Astrue, the Commissioner of the agency. *See* Complaint at ¶ 5. The FOIA grants district courts jurisdiction to enjoin an agency from improperly withholding agency records. *See* 5 U.S.C. §§ 552(a)(4)(B). The term "agency," for purposes of the statute, is defined as any Executive department, military department, Government corporation, Government-controlled corporation, or other establishment in the executive branch of the Government ... or any independent regulatory agency. *See* 5 U.S.C. § 552(f). The term "Executive department" is further defined in Title 5 as a cabinet-level agency. *See* 5 U.S.C. § 105. Thus, under 5 U.S.C. § 552(a)(4)(B) and (f)(1), the only proper defendant in this case is the Social Security Administration.

Courts that have addressed the issue routinely find that they lack subject matter jurisdiction to enforce the FOIA against individuals. *See Thompson v. Walbran*, 990 F.2d 403, 405 (8th Cir. 1993)*; Ginarte v. Mueller*, 534 F.Supp.2d 135, 136-37 (D.D.C. 2008); *Santos v. Drug Enforcement Agency*, 357 F.Supp.2d 33, 36 (D.D.C. 2004) ("A plaintiff may not assert a FOIA claim against individual federal officials"); *Petrus v. Brown*, 833 F.2d 581, 582-83 (5th Cir. 1987); *Haralson v. Stoverink*, 2009 WL 690123 *2 (E.D. Mo. 2009)(dismissed without prejudice because named defendants were individuals and not agencies). In *Santini v. Taylor*, the Court specifically held that it lacked jurisdiction to hear a FOIA claim brought against an agency head rather than the agency and dismissed the FOIA case with prejudice. *See* 555 F.Supp.2d 181, 183-84 (D.D.C. 2008). Consistent with these decisions, plaintiff fails to state a

FOIA claim within the jurisdiction of this Court, and all claims against the Commissioner should be dismissed.  *See* Fed. R. Civ. P. 12(b)(1) & (b)(6).

## Conclusion

For the foregoing reasons, defendant respectfully requests that the Court enter its order dismissing plaintiff's civil action pursuant to Fed. R. Civ. P. 12(b)(1) and/or Fed. R. Civ. P. 12(b)(6).

          Respectfully submitted,

          RICHARD G. CALLAHAN
          United States Attorney
            */s/ Jane Rund*
          By_____
           JANE RUND, BAR #47298 MO
           Assistant United States Attorney
           111 S. 10th Street, Suite 20.333
           St. Louis, Missouri 63102
           (314) 539-2200
           (314) 539-2777 FAX
           Email: Jane.Rund@usdoj.gov

          OF COUNSEL
          Kristi A. Schmidt
          Chief Counsel, Region VII
          Social Security Administration

          By
            Martha Bohn Budetti #43929 MO
            Assistant Regional Counsel

            Andrew F. Maunz #0083832 OH
            Attorney
            Social Security Administration
            Office of General Law
            Baltimore, Maryland

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of April 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to:

>David D. Camp
>230 S. Bemiston Avenue, Suite 810
>St. Louis, Missouri 63105
>Attorney for Plaintiff

>>*/s/ Jane Rund*
>>JANE RUND #47298 MO
>>Assistant United States Attorney