UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LAMAR A. PEARSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil No. 4:12-cv-00384-CEJ |
| | ) | |
| SOCIAL SECURITY ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF
ITS AMENDED MOTION TO DISMISS**

Defendant, the Social Security Administration ("agency"), by and through its undersigned counsel, offers the following memorandum of law in support of its Amended Motion to Dismiss Plaintiff's Amended Complaint for lack of subject matter jurisdiction and failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12 (b)(6).

**Argument**

In his Amended Complaint, Plaintiff alleges that on February 9, 2012, he mailed and faxed a FOIA request to the agency's Office of Disability Adjudication and Review ("ODAR") Hearing Office Director located in Creve Coeur, Missouri.  *See* Amended Complaint at ¶¶ 19-20, 24.  Plaintiff also alleges that he mailed a copy of the FOIA request to the "SSA Office of Privacy and Disclosure" ("OPD") located in Baltimore, Maryland.  *See* Amended Complaint at ¶ 21.  In his FOIA request, Plaintiff asked for the last name of the Administrative Law Judge (ALJ) assigned to conduct his hearing and for the "written policy under which the identity of the assigned judge was omitted from the Notice of Hearing and concealed until the hearing."  *See* Amended Complaint at ¶ 25.   Plaintiff did not provide any evidence to show the date he mailed

his FOIA request.  Agency eFOIA records show that the FOIA request was received and scanned by OPD on February 17, 2012.  *See* Exh. A, agency eFOIA record.

Plaintiff filed his initial Complaint under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, on March 2, 2012.  On April 4, 2012, Defendant filed a Motion to Dismiss because Plaintiff prematurely[1] filed his case in Federal court and named an improper party defendant.  *See* Defendant's Motion to Dismiss and Memorandum of Law in Support of its Motion to Dismiss.  Defendant also responded to Plaintiff's FOIA request in a letter dated April 4, 2012, and a copy of the agency's FOIA response was attached to its Motion to Dismiss.  *See* Exh. C, agency FOIA response dated April 4, 2012.  On April 10, 2012, Plaintiff filed his First Amended Complaint and his Response to Defendant's Motion to Dismiss (Response).  In these pleadings, Plaintiff conceded that he had named the wrong defendant and that he filed his

---

[1]      The FOIA allows an agency 20 working days (excluding weekends and legal public holidays) to make a determination on the request.  *See* 5 U.S.C. § 552(a)(6)(A); *see also* 20 C.F.R. § 402.140(a) (2011).  The 20 days does not commence until the proper component in the agency receives the FOIA request, but not later than "ten days after the request is first received by any component of the agency that is designated in the agency's regulations under this section to receive requests."  *See* 5 U.S.C. § 552(a)(6)(A).  OPD is the component designated to receive FOIA requests on behalf of the agency.  *See* 20 C.F.R. § 402.135 (2011).  Based upon OPD's February 17, 2012, receipt date of the FOIA request, the time for OPD to respond to the request did not end until March 16, 2012.  Thus, Plaintiff's filing of this lawsuit on March 2, 2012, was premature and subject to dismissal by this Court.

Several courts have held that it was proper to dismiss a prematurely filed FOIA complaint even when the agency responded after the 20-day period.  *See Judicial Watch,* No. 01-1216, slip op. at 8 (D.D.C. July 26, 2002)(attached as Exh. B)(FOIA lawsuit must be dismissed if filed prior to the 20-day period, even if agency responded to FOIA request after the 20 days expired); *see also Newman-Green, Inc. v. Alfonzo-Larrain,* 490 U.S. 826, 830 (1989)("The existence of federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed.").  *Dorn v. Comm'r,* 2005 WL 1126653, at *3-4 (M.D. Fla. May 12, 2005), *reconsideration denied,* 2005 WL 2248857 (M.D. Fla. June 1, 2005); *see also Said v.Gonzales,* 2007 WL 2789344 *6 (W.D. Wash. Sept. 24, 2007)(dismissing FOIA complaint because it was filed prior to the time for the agencies to respond to their FOIA requests expired).

initial Complaint prematurely.  *See* Plaintiff's Response to Defendant's Motion to Dismiss, p. 2; Plaintiff's First Amended Complaint.

Plaintiff asserted in his Response, however, that he named a proper defendant in his Amended Complaint and that subject matter jurisdiction of the court "must be assessed" as of April 10, 2012, the date he filed his Amended Complaint.  *Id.*  Contrary to his assertion, Plaintiff's Amended Complaint does not provide this Court with subject matter jurisdiction over the claims raised therein.

A requestor of information under the FOIA who seeks judicial review must first exhaust his administrative remedies.  *See* 5 U.S.C. § 552(a)(6)(A); 20 C.F.R. §§  402.200, 402.205 (2011); *Wilbur v. CIA*, 355 F.3d 675, 676 (D.C. Cir. 2004)(per curiam).  An agency's failure to timely respond to a FOIA request may result in the "constructive exhaustion" of administrative remedies and allow the requestor to appeal the action directly to Federal court.  *See* 5 U.S.C. § 552(a)(6)(A); 20 C.F.R. § 402.205 (2011); *Thomas v. FAA*, No. 05-2391, 2007 WL 2020096, at *3-4 (D.D.C. July 12, 2007).  However, constructive exhaustion does not apply in all situations, and it does not apply here.

Courts have found the rule of constructive exhaustion inapplicable if the agency responds to the FOIA request prior to the requestor filing in Federal court.  This is true even if the agency responded to the FOIA request after the statutory time limit expired.  In these instances, the requestor must first administratively appeal a FOIA denial prior to proceeding to Federal court. *See Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 61-65 (D.C. Cir. 1990)("an administrative appeal is mandatory if the agency cures its failure to respond within the statutory period by responding to the FOIA request before suit is filed"); *Taylor v. Appleton*, 30 F.3d 1365, 1369-70

3

(11th Cir. 1994); *Bonner v. SSA*, 574 F. Supp.2d 136, 139 (D.D.C. 2008)(stating that a requestor has only constructively exhausted his administrative remedies if the agency has not responded prior to the requestor filing suit).  In *Lowry v. SSA*, the court held that a requestor had not exhausted his administrative remedies when he filed suit one day after the agency responded to his FOIA request, even though the requestor had not yet received the agency's response.  *See Lowry*, No. 00-1616, 2001 U.S. Dist. LEXIS 23474, at *11-15 (D. Or. Aug. 29, 2001)(attached as Exh. D)(administrative remedies must be exhausted when agency responded after the statutory time period, but one day prior to plaintiff filing lawsuit).

In this case, Plaintiff filed his Amended Complaint on April 10, 2012, which is six days after the agency responded to his FOIA request.  Assuming that April 10, 2012, is the date Plaintiff initiated this action,[2] the Court should dismiss this action because the agency responded to Plaintiff's FOIA request before Plaintiff filed his Amended Complaint.  Therefore, his only recourse is to administratively appeal the agency's decision.  *See* 5 U.S.C. § 552(a)(6)(A); 20 C.F.R. § 402.200 (2011).  Plaintiff's Amended Complaint does not relieve him of his obligation to exhaust his administrative remedies prior to filing in Federal court.  *See* 20 C.F.R. § 402.205 (2011); *Oglesby*, 920 F.2d at 61-65.  Because Plaintiff fails to state a FOIA claim within the jurisdiction of this Court, all claims against the Defendant should be dismissed.  *See* Fed. R. Civ. P. 12(b)(1) & (b)(6).

---

[2] If Plaintiff's Amended Complaint relates back to the original filing date of March 2, 2012, his Complaint should be dismissed as premature.  *See* Fed. R. Civ. P. 15(c); *Shea v. Esensten*, 208 F.3d 712, 720 (8th Cir. 2000)(stating that whether a pleading relates back to the date of the original pleading is within the discretion of the trial court); *see also* Footnote 1 above.

4

This lawsuit should also be dismissed because the issues before the Court are now moot. In his Amended Complaint, Plaintiff asked the Court to order Defendant to disclose the information he requested pursuant to the FOIA.  *See* Amended Complaint, p.7, ¶ 2.  However, Defendant has already disclosed the information Plaintiff requested and the Court can no longer grant Plaintiff the relief he requested.   As discussed above and in its Motion to Dismiss, on April 4, 2012, the agency administratively responded to Plaintiff's FOIA request.  *See* Exh. C. In response to Plaintiff's requests, the agency provided documents[3] responsive to Plaintiff's request for "written policy" on concealment of the identity of the administrative law judge (ALJ) assigned to the case until the hearing.  *Id.*  In the response, the agency did not disclose the name of the ALJ assigned to Plaintiff's case, citing two FOIA exemptions.  *Id.*   On April 19, 2012, Plaintiff's disability hearing proceeded as scheduled.  *See* Declaration of Patricia Hoag at ¶ 3 (attached as Exh. F).  On the date of Plaintiff's hearing, Plaintiff and his representative learned the name of the ALJ assigned to Plaintiff's case.  *Id.*  Accordingly, the agency has now provided Plaintiff the information he sought in his FOIA request, and his Complaint is moot.

A claim for relief under FOIA becomes moot once an agency produces all the information a Plaintiff requested.  *See Cornucopia Institute v. USDA*, 560 F.3d 673, 675 (7th Cir. 2009); *see also Heide v. LaHood*, 406 Fed. Appx. 83, *1 (8th Cir. 2010); *Urban v. U.S.*, 72 F.3d 94, 95 (8th Cir. 1995).  Indeed, courts have found that "'however fitful or delayed the release of information under FOIA may be... if we are convinced [agencies] have, however belatedly, released all nonexempt material, we have no further judicial function to perform under the

---

[3]The agency supplemented it response by sending additional documents to Plaintiff's attorney in a response dated April 20, 2012.  *See* April 20, 2012 FOIA Response (attached as Exh. E).

FOIA.'" *See Tijerina v. Walters*, 821 F.2d 789, 799 (D.C. Cir. 1987)(quoting *Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982)).  The release of the information sought by Plaintiff has made it impossible for this Court to grant any effectual relief to Plaintiff, and therefore, the case must be dismissed.  *See Cornucopia*, 560 F.3d at 676.  This includes Plaintiff's request for declaratory relief, as declaratory judgment is only appropriate when it will have an impact on the parties.  *Id; see also Aetna Life Ins. Co. v. Hayworth,* 300 U.S. 227, 240-41 (1937).

Here, no ruling the Court can issue in this case will have an impact[4] on the parties. Plaintiff brought this action seeking the information under FOIA.  Because the agency released the information requested, Plaintiff cannot be affected by any rulings this Court can make, his claim no longer exists under the FOIA, and is moot.

## Conclusion

For the foregoing reasons, defendant respectfully requests that the Court enter its order dismissing Plaintiff's civil action pursuant to Fed. R. Civ. P. 12(b)(1) and/or Fed. R. Civ. P. 12(b)(6).

---

[4]Plaintiff's request for costs and attorney's fees does not defeat Defendant's argument that the case should be dismissed based on mootness.  Plaintiff's Amended Complaint at p. 8.  A claim for attorney's fees is separate from the merits of the claim.  *Budinich v. Becton Dickinson and Co*, 458 U.S. 196, 200 (1988).  Therefore, courts have found that a claim of attorney's fees under FOIA does not preserve an otherwise moot claim.  *See Anderson v. U.S. Dept. of Health and Human Services*, 3 F.3d 1383, 1385 (10th Cir. 1993); *Cornucopia*, 560 F.3d at 676.

Respectfully submitted,

RICHARD G. CALLAHAN
United States Attorney
   */s/ Jane Rund*
By_____
 JANE RUND, BAR #47298 MO
 Assistant United States Attorney
 111 S. 10th Street, Suite 20.333
 St. Louis, Missouri 63102
 (314) 539-7636
 (314) 539-2777 FAX
 Email: Jane.Rund@usdoj.gov


OF COUNSEL
Kristi A. Schmidt
Chief Counsel, Region VII
Social Security Administration

By
 Martha Bohn Budetti #43929 MO
 Assistant Regional Counsel

 Andrew F. Maunz #0083832 OH
 Attorney
 Social Security Administration
 Office of General Law
 Baltimore, Maryland

7

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of April 2012, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system, which sent notification of such filing to:

> David D. Camp
> 230 S. Bemiston Avenue, Suite 810
> St. Louis, Missouri 63105
> Attorney for Plaintiff

*/s/ Jane Rund*

_____

JANE RUND #47298 MO
Assistant United States Attorney

8