UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LAMAR A. PEARSON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) )  Case No. 4:12-CV-384 (CEJ) |
| SOCIAL SECURITY ADMINISTRATION, | ) ) ) |
| Defendant. | ) |

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court on defendant's amended motion to dismiss plaintiff's amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Plaintiff opposes defendant's motion, and the issues are fully briefed.

**I. Background**

At issue in this case is the Social Security Administration's practice of concealing the identity of the Administrative Law Judge (ALJ) from claimants of supplemental security income (SSI) until the day of the hearing. Plaintiff Lamar A. Pearson applied for SSI, and was informed that the hearing regarding his application would occur on April 19, 2012, before an unidentified ALJ. On February 9, 2012, plaintiff, through counsel, submitted a Freedom of Information Act (FOIA) request to the Hearing Office Director at the Missouri office where the hearing would occur and to the Social Security Office of Privacy and Disclosure in Baltimore, Maryland. Pursuant to FOIA, 5 U.S.C. § 552, plaintiff requested disclosure of the name of the ALJ assigned to his case, and the written policy pursuant to which the identity of the ALJ is concealed until the date of the hearing. Plaintiff claims that his request was received by the Social Security

Administration (SSA) on February 10, and that the time for agency response expired before he filed his original complaint with this Court of March 2.  Defendant claims that the request was received on February 17, and time to respond did not expire until March 16.

On April 4, 2012, defendant moved to dismiss and also responded to plaintiff's FOIA request.  Defendant produced the agency's policy but withheld the name of the ALJ assigned to plaintiff's case, citing FOIA exemption 2 (exemption for the internal personnel rules and practices) and exemption 7(E) (exemption for law enforcement information).  Defendant's motion to dismiss was based in part upon plaintiff's error in naming the Commissioner of Social Security, Michael Astrue, as the defendant, rather than naming the agency itself.  In response to defendant's motion, plaintiff filed an amended complaint on April 10, naming the SSA as the defendant.  On April 19, the date of plaintiff's administrative hearing, plaintiff and his counsel learned for the first time the name of the ALJ assigned to plaintiff's case.

Defendant's motion to dismiss this amended complaint is now before the Court.  Defendant argues that plaintiff failed to exhaust his administrative remedies as required by the FOIA, and also that the suit should be dismissed as moot because plaintiff has now obtained all the information he requested from the SSA.  Because this Court finds the case to be moot, the Court will not reach the other issues presented by defendant's motion.

**II. Legal Standard**

Dismissal under Rule 12(b)(1) of the Federal Rules of Civil Procedure is appropriate if the plaintiff has failed to satisfy a threshold jurisdictional requirement.

See Trimble v. Asarco, Inc., 232 F.3d 946, 955 n.9 (8th Cir. 2000). Mootness is a threshold jurisdictional issue. North Carolina v. Rice, 404 U.S. 244, 246 (1971). See also State of S.D. v. Hazen, 914 F.2d 147, 149 (8th Cir. 1990) ("Because a moot case is not a case or controversy within the meaning of Article III of the United States Constitution, the mootness question is jurisdictional." (citing Rice, 404 U.S. at 246)).

A dismissal for lack of subject matter jurisdiction requires that the complaint be successfully challenged on its face or on the factual truthfulness of its averments. Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993). In a facial attack, the court restricts itself to the face of the pleadings, and all of the factual allegations concerning jurisdiction are presumed to be true. Id. However, in a factual challenge, the court considers matters outside of the pleadings, and no presumptive truthfulness attaches to the plaintiff's allegations. Osborn v. United States, 918 F.2d 724, 729 n.6 (8th Cir. 1990). Furthermore, the existence of disputed material facts does not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Id. at 729. "Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction – its very power to hear the case – there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." Id. The burden of proving the existence of jurisdiction rests with the plaintiff. Id.

**III. Discussion**

Article III of the United States Constitution requires that federal courts rule only on actual cases or controversies. When the controversy between the parties ends, so too ends the court's power to hear the case. See DeFunis v. Odegaard, 416 U.S. 312, 316 (1974). The court must not issue advisory opinions or "declare principles or rules of law which cannot affect the matter in issue in the case before it." Mills v. Green,

159 U.S. 651, 653 (1895). "If an event occurs while a case is pending... that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the appeal must be dismissed." Church of Scientology of C.A. v. United States, 506 U.S. 9, 12 (1992) (citing Mills, 159 U.S. at 653). It is widely accepted that, in the context of the FOIA, the release of the desired information is such an event. See Anderson v. U.S. Dep't of Health & Human Servs., 3 F.3d 1383, 1384 (10th Cir. 1993) ("[o]nce the government produces all the documents a plaintiff requests, her claim for relief under the FOIA becomes moot."). See also Walsh v. U.S. Dep't of Veterans Affairs, 400 F.3d 535, 536-37 (7th Cir. 2005); Perry v. Block, 684 F.2d 121, 125 (D.C. Cir. 1982) ("however fitful or delayed the release of information under the FOIA may be, once all requested records are surrendered, federal courts have no further statutory function to perform.").

In this case, plaintiff has received all the information he requested. The SSA disclosed its written policy on April 4, and plaintiff learned the identity of the ALJ on April 19. The controversy between the parties no longer exists. Plaintiff's request for declaratory judgment and attorneys fees cannot extend the duration of the controversy. See Cornucopia Inst. v. U.S. Dep't of Ag., 560 F.3d 673, 676 (7th Cir. 2009) ("declaratory judgment is appropriate only when the court's ruling would have an impact on the parties.... The only cognizable way [plaintiff] could be affected by this lawsuit is through an award of attorney's fees. But because a claim for attorney's fees is separate from the merits of the action, it cannot save [plaintiff's] FOIA claim from becoming moot.").

Plaintiff argues that his claim falls under an exception to the mootness doctrine, because it is "capable of repetition, yet evading review." This exception allows courts

to hear otherwise moot cases when "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." Weinstein v. Bradford, 423 U.S. 147, 149 (1975) (*per curiam*).

A claim "evades review" when the period controversy is fleeting by nature, such as an election cycle or a nine-month pregnancy. See Dunn v. Blumstein, 405 U.S. 330, 364 n. 2 (1972); Roe v. Wade, 410 U.S. 113, 125 (1973). Plaintiff argues that there are at most five months between the date a claimant is assigned an ALJ and the date of the hearing. He asserts that litigation under the FOIA will always take longer than five months, especially with the FOIA's administrative exhaustion requirement. Because every claimant learns the identity of his or her ALJ on the date of the hearing, no claimant will ever be able to challenge the legality under the FOIA of the pre-hearing anonymity of the ALJ; every claim will be instantly moot on the date of the hearing. Defendant responds that plaintiff's argument is speculative: "While it is possible that any future disability hearing may occur prior to his ability to obtain a FOIA decision from a Federal court, it is also possible that he could obtain such a decision." Def.Reply at 7, n. 7 [Doc. # 16]. While it might be theoretically possible, in reality it is highly unlikely that a court would reach the merits of plaintiff's claim before the day of the ALJ hearing. In this sense, plaintiff's claim will evade review of the courts.

The claim must also be "capable of repetition," meaning the "[t]here must be a reasonable expectation or a demonstrated probability that the same controversy will recur involving the same complaining party." Murphy v. Hunt, 455 U.S. 478, 482 (1982) (internal quotations omitted). Therefore, the relevant inquiry is the likelihood that Pearson will again apply for disability benefits, appeal to an ALJ, and request the

-5-

name of the ALJ pursuant to the FOIA.  In most cases in which courts found FOIA claims moot by the voluntary production of documents, the "capable of repetition yet evading review" exception could not apply because there is no reason that the plaintiff would *again* request records from the same agency once all the information has been produced.  See Walsh, 400 F.3d at 537 ("[T]here is little reason to think that Walsh will ever request additional records [from the Department of Veteran Affairs].  Because locating the records he has received required so much effort and he already has the whole kit and caboodle, the faint possibility that he might generate more records in the future, request them, and wait too long to receive them is an insufficient reason for saying this case is moot.").  See also Chilivis v. S.E.C., 673 F.2d 1205, 1210 (11th Cir. 1982).    In this case, just as in Walsh, it is unlikely that plaintiff will request additional agency records.  On April 19, the ALJ found that plaintiff is disabled and entitled to benefits.  Plaintiff argues that he may have occasion to request the name of yet another ALJ if he disagrees with the agency's calculation of the amount of benefits he is to receive.  Also, plaintiff states that he may be subject to continuing disability review, because he did not assert grounds for permanent disability.  Again, he might appeal any unfavorable determination to an ALJ.  This possibility is too remote.  The SSA would have to make an unfavorable determination before Pearson could appeal to an ALJ, and there is no guarantee that Pearson would again be dissatisfied by the agency's determination of his entitlement to benefits.  Furthermore, if plaintiff again had occasion to request the name of an ALJ, it is possible that the SSA would issue a timely response to plaintiff's request.  See Walsh, 400 F.3d at 537.  The likelihood of recurrence in this case simply does not rise to the level necessary to save plaintiff's claim from mootness.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that plaintiff's motion to amend the complaint [Doc. # 8] is **granted**.

**IT IS FURTHER ORDERED** that defendant's amended motion to dismiss the amended complaint pursuant to Fed.R.Civ.P. 12(b)(1) [Doc. #14] is **granted.**

**IT IS FURTHER ORDERED** that defendant's motion to dismiss [Doc. # 6] is **moot**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 31st day of December, 2012.